IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN-ERIC CAHOON,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE,

    Defendant.

: 
: 
: 
: 
: **Civil Action No. 18-294-RGA**
: Justice of the Peace Court of the State of
: Delaware in and for New Castle County
: Court No. 13
: Case No. JP13-17-014102
:

## MEMORANDUM ORDER

At Wilmington this ___7___ day of September, 2018;

1.    Defendant filed a motion to dismiss on February 28, 2018. (*See* D.I. 3). When Plaintiff failed to timely file a response, an order was entered for Plaintiff to file an answering brief to Defendant's motion on or before April 6, 2018. (*See* D.I. 5). Plaintiff failed to file a response. On August 13, 2018, the Court entered an order for Plaintiff to show cause, on or before September 4, 2018, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 6). Plaintiff did not respond to the show cause order.

2.    Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

3. Several factors warrant the sanction of dismissal including Plaintiff's failure to respond to the motion to dismiss and Plaintiff's failure to prosecute the case. Plaintiff is pro se and is therefore personally responsible for these failures. Plaintiff has abandoned his case.

THEREFORE, it is ordered that:

1. Defendant's motion to dismiss (D.I. 3) is **DISMISSED** as moot.

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

*[signature]*
UNITED STATES DISTRICT JUDGE